**Richard RABIROADS, Plaintiff,**

v.

**DFK LEASING CO., INC., Defendant.**

**No. 4:99CV558.**

United States District Court,
N.D. Ohio,
Eastern Division.

July 20, 1999.

Alan S. Belkin, Law Offices Of Alan S. Belkin, Cleveland, OH, for Plaintiff.

Samuel R. Martillotta, Jeffrey M. Embleton, Thomas B. Bralliar, Jr., Mansour, Gavin, Gerlack & Manos, Cleveland, OH, for Defendant.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon Defendant DFK Leasing Co.'s ("DFK") motion to dismiss for lack of personal jurisdiction (Dkt. No. 6). For the following reasons, DFK's motion is **GRANTED.**

### FACTS

On January 8, 1999, Plaintiff, Richard Rabiroads ("Rabiroads"), an Ohio resident, entered into a lease agreement with DFK, a Florida corporation, for the lease of a 1988 Freightliner model tractor truck. This transaction occurred at DFK's place of business in Florida. The terms of the lease were a $3500 security deposit due at signing, along with 11 monthly payments of $634.00. Rabiroads paid the security deposit and 10 payments in advance.

At the time of the lease, Rabiroads was bound to an employment contract with Progressive Transportation to haul loads for Progressive. This employment contract was worth approximately $10,000 per month to Rabiroads.

Upon picking up the truck in Florida, Rabiroads hauled a load to Dallas, Texas. While in Dallas, Rabiroads was involved in an auto accident. However, the truck was not damaged badly, and Plaintiff was able to continue driving the truck. He picked up a load in Dallas and drove to Seattle, Washington. Rabiroads called DFK from Seattle to inform them of the accident. At this time, Rabiroads told DFK that he would be driving the truck back to Ohio and would get repair consultations in Ohio.

Rabiroads made numerous calls from Ohio to DFK. Additionally, DFK contacted an Ohio business regarding repairs to the truck. Subsequently, during a routine insurance investigation, an insurance representative discovered that the truck's Vehicle Identification Number ("VIN") was missing. Rabiroads then contacted the Ohio State Highway Patrol about the missing VIN, as it is a violation of Ohio law to operate a truck without a VIN. As a result, the Ohio State Highway Patrol impounded the truck. The truck remains in an Ohio impound facility.

Consequently, Rabiroads was unable to perform his employment contract for Progressive Transportation and filed this action seeking compensatory and punitive damages for breach of contract and fraud.

### STANDARD OF REVIEW

In a motion to dismiss for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2), the plaintiff bears the burden of establishing the existence of personal jurisdiction. *International Tech. Consultants, Inc. v. Euroglas S.A.,* 107 F.3d 386, 391 (6th Cir.1997). When the district court does not conduct an evidentiary hearing on the matter of personal jurisdiction, the plaintiff must make only a prima facia showing, and the court must view the evidence in the light most favorable to the plaintiff. *Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1272 (6th Cir.1998). Furthermore, a court does not weigh any disputed assertions of the party seeking dismissal. *CompuServe v. Patterson,* 89 F.3d 1257, 1262 (6th Cir.1996). "Additionally, in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir.1991).

■ In diversity cases, the federal court applies the law of the forum state in which it sits to determine if personal jurisdiction is appropriate. The assertion of personal jurisdiction must comport both with the state's long-arm statute and with constitutional due process. *Nationwide Mutual Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir.1996).

## ANALYSIS

■ DFK alleges that this Court lacks personal jurisdiction over it pursuant to Ohio's long arm statute, Ohio Rev. Code § 2307.382, and that service of process upon DFK is insufficient pursuant to Ohio R. Civ. P. 4.3(A). Ohio's long-arm statute and Civil Rule relating to service of process outside of the state are consistent and complement each other. *Pharmed Corp. v. Biologics, Inc.*, 97 Ohio App.3d 477, 646 N.E.2d 1167. The Ohio long-arm statute is intended to reach to the full outer limits of litigation which is permissible consistent with federal Due Process limitations. *Columbus Show Case Co. v. CEE Contracting, Inc.*, 75 Ohio App.3d 559, 599 N.E.2d 881 (1992); *Kentucky Oaks Mall v. Mitchell's Formal Wear*, 53 Ohio St.3d 73, 559 N.E.2d 477 (1990).

■ Normally, a federal court must first determine whether jurisdiction is both proper under the long-arm statute of the forum state, and is consistent with federal due process. However, when a state's long-arm statute reaches as far as the limits of federal due process, the court need only determine whether assertion of personal jurisdiction violates Constitutional Due Process. *Aristech Chemical Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624 (6th Cir.1998).

■ To satisfy the Due Process requirement, the defendant must have certain "minimum contacts" with the forum state so as not to offend "traditional notions of fair play and substantial justice". *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The Supreme Court has interpreted the "minimum contacts" test to require that a foreign defendant "purposely avail[ ] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Additionally, the Court has stated that "foreseeability" that the defendant would be sued in the particular state must also be considered. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

The Sixth Circuit, in *Southern Machine Co. v. Mohasco Industries*, 401 F.2d 374 (6th Cir.1968) has established the following three prong test that a court should consider when analyzing a personal jurisdiction issue: (1) the defendants must have purposely availed themselves of the privilege of acting in the forum state, or purposefully caused a consequence there; (2) the cause of action must arise from defendant's actions in the forum state; and (3) the exercise of jurisdiction must be reasonable. *Aristech v. Acrylic Fabricators Ltd.*, 138 F.3d 624 (6th Cir.1998).

As his sole basis of purposeful availment, Rabiroads argues that there were several telephone conversations that took place between Rabiroads and DFK. The Supreme Court clarified the doctrine of "purposeful availment" in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) in stating that "where the defendant 'deliberately' has engaged in significant activities within a State ... or has created 'continuing obligations' between himself and the residents of the forum ... he manifestly has availed himself of the privilege of conducting business there." *Id.* at 476, 105 S.Ct. 2174. However, the Court went on to say that the "purposeful availment requirement insures that a defendant will not be haled into a jurisdiction solely as a result of 'random', 'fortuitous', or 'attenuated' contacts." *Id.* at 475, 105 S.Ct. 2174.

DFK did not conduct any business in Ohio merely by telephoning to help arrange for the property to be repaired. The contacts DFK had with Ohio were the result of the accident Rabiroads had in Dallas, a "random" and "attenuated" circumstance. It is not reasonable to say that DFK could anticipate being haled into an Ohio court solely on the basis of doing business with an Ohio resident in Florida and making a few telephone calls to Ohio when their property was being repaired. Significantly, Ohio courts have held that even *frequent* mail and telephone communications between parties in separate states is insufficient to confer personal jurisdiction on a defendant. *Friedman v. Speiser, Krause & Madole, P.C.,* 56 Ohio App.3d 11, 565 N.E.2d 607 (1988).

The facts of the instant case are similar to those in *World–Wide Volkswagen, supra,* wherein plaintiff sued a New York car dealership for products liability in Oklahoma. In both *World–Wide* and the case at bar, the defendant neither conducted business in the forum state nor solicited or advertised in the forum state. The Court, in *World–Wide,* held that "the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum state ... [r]ather, it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide,* 444 U.S. at 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Although DFK was in the business of leasing trucks for use across the country, the law clearly requires that in order for DFK to purposely avail itself of the laws and protections of the state of Ohio, its business must include more than the mere likelihood that one of its vehicles will enter Ohio. As Rabiroads has failed to demonstrate that DFK purposely availed itself of the benefits and protections of the laws of the state of Ohio, this court need not discuss the remaining two criteria outlined in *Southern Machine.* Accordingly, DFK's conduct does not meet the requisite "minimum contacts" test.

## CONCLUSION

Based upon the foregoing reasons, DFK's 12(b)(2) motion to dismiss for lack of jurisdiction (Dkt. No. 6) is **GRANTED**. Therefore, the case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**